UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

MOSHE ENBAR,                                                   Case No. 16-21262-AJC
                                                                              Chapter 7

_____Debtor._____/

MOSHE ENBAR, LINDA ENBAR,
ADAM ENBAR, and MELISSA BENZEL,

               Plaintiffs,
vs.                                                         Adversary No.: 20-01028-AJC

FRED GOODSTEIN and
     MICHELE GOODSTEIN,

               Defendants.
_____/

**MOTION FOR PARTIAL SUMMARY JUDGMENT ON
COMPLAINT FOR DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF, AND DAMAGES**

MOSHE ENBAR ("Mr. Enbar"), LINDA ENBAR, ADAM ENBAR, and MELISSA BENZEL (hereinafter "Settling Parties") move pursuant to Fed.R.Civ.P. 56(a), made applicable herein by Bankruptcy Rule 7056, and in compliance with Local Rule 7056-1, for summary judgment as to Counts I (Declaratory Judgment) and II (Permanent Injunction) preventing, FRED GOODSTEIN and MICHELE GOODSTEIN (collectively "Defendants") from pursuit of collection of their claim, and say:

-1-

## JURISDICTION AND VENUE

1. This Court has sole and exclusive subject-matter jurisdiction over this proceeding, pursuant to: U.S. Const. Art. I, § 8, cl. 4.; 28 U.S.C. §1334(a); 28 U.S.C. §157(a); 11 U.S.C. §§ 105(a), 524, 541, 544, and 550, New York Debtor and Creditor Law, §§ 276, *et seq.*; Local Rule 87.2 of the United States District Court for the Southern District of Florida; the General Order of Reference entered July 11, 1984, by the United States District Court for the Southern District of Florida; Federal Rule of Bankruptcy Procedure 7001; and paragraph 18 of the Order Granting Trustee's Motion to Approve Stipulation to Compromise Controversy, Dated September 20, 2017 [ECF 173][1].

2. The subjects of this proceeding are core matters as prescribed in 28 U.S.C. §157(b)(2)(A), (B), (F), (H), (N), and (O).

## CONSENT TO THIS COURT'S JURISDICTION

3. The Settling Parties consented to entry of final orders or judgments by this Court in paragraph 3 of the Complaint. [AECF 1].[2]

4. In the main case, a proof of Claim # 5 was filed on behalf of Fred Goodstein and Michele Goodstein on December 22, 2016, as an unsecured claim ("Defendants'

---

[1] ECF "x" refers to the electronic court filing number in the captioned Main Case.

[2] AECF "x" refers to the electronic court filing number in the captioned Adversary Proceeding.

Claim") in the sum of $281,270.22, based upon a default money judgment dated January 15, 2013 ("Defendants' Judgment").

5. The Defendants' Claim was allowed under 11 U.S.C. § 502, and Defendants received a distribution from the estate. [ECF 236, p. 4/10].

6. Defendants have been served the: Complaint; Summons; and Order Setting Filing and Disclosure Requirements For Pretrial and Trial. [AECF 5].

## THE BANKRUPTCY CASE

7. The case was commenced on August 16, 2016, by the filing of a voluntary petition [ECF 1] under Chapter 7 of Title 11, United States Code.

8. Robert A. Angueira was appointed as the interim trustee on August 16, 2016 [ECF 2], and became the Trustee upon conclusion of the meeting of creditors on September 15, 2016.[3]  [ECF 18].

9. 11 U.S.C. § 541 provides, in pertinent part,

> (a) The commencement of a case under section 301... of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1)Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

10. Upon commencement of this case, an estate was created which included all assets created or preserved by the Bankruptcy Code, including, but not limited to, all

---

[3] 11 U.S.C. § 702(d).

causes of action and remedies described in, or incorporated by reference in 11 U.S.C. §§ 544, 547, 548, 549, 550, 551, and 558.

11. Section 541 "incorporates interests in property 'made available to the estate by other provisions of the Bankruptcy Code,' including in some instances 'property in which the debtor did not have a possessory interest.'" *In re TelexFree, LLC*, 941 F.3d 576, 584 (1st Cir. 2019)(*citing United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

12. "[F]ederal law determines whether an interest is property of the bankruptcy estate, and '[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *In re Witko*, 374 F.3d 1040, 1043 (11th Cir. 2004)(citations omitted).

13. "[T]he Supreme Court explained that 'property,' for purposes of avoidance actions ... is 'best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings.'" *In re TelexFree, LLC*, 941 F.3d 576, 583 (1st Cir. 2019)(*citing In Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

14. 11 U.S.C. § 544 provides, in pertinent part,

> (a)The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any

> creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;      ***
> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

15. Pursuant to 11 U.S.C. § 544, the Trustee, Robert Angueira, succeeded to "the rights and powers of ... a creditor holding an unsecured claim that is allowable under section 502 of" Title 11 of the United States Code, including the avoidance rights formerly vested in Defendants.

16. The Trustee, Robert Angueira had, "as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by" the Defendants, or any of the judgment creditors listed on Exhibit A to the Complaint, or any of the five (5) allowed

unsecured creditors.

17. Fraudulent conveyance law aims "to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away." Fraudulent conveyance statutes, whether under federal or state law, seek to avoid a windfall to the creditor, to prevent a disproportionate loss to the debtor and, especially in bankruptcy cases, to recognize the rights of unsecured creditors to all of the debtor's non-exempt assets, including non-exempt equity in real estate.

*In re SOL, LLC*, No. 09-12684-BKC-AJC, 2012 WL 2673254, at *12 (Bankr. S.D. Fla. July 5, 2012)(citations omitted).

18. "'[T]he commencement of bankruptcy gives the trustee the right to pursue recovery of fraudulently conveyed assets to the exclusion of all creditors.' Creditors who are dissatisfied with the results cannot file a separate suit; 'otherwise, any unhappy creditor may race to the courthouse,...thus, giving rise to the issue of who would be bound by inconsistent results.'" *In re Tessmer*, 329 B.R. 776, 779 (Bankr. M.D. Ga. 2005).

19. Mr. Enbar's general discharge was entered on May 15, 2018. [ECF 233].

20. 11 U.S.C. § 524 provides, in pertinent part,

> (a)A discharge in a case under this title—
> (1)voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> (2)operates as an injunction against the commencement or continuation of an action, the employment of process, or an act,

      to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...

21. Upon entry of Mr. Enbar's discharge, Defendants' Judgment was voided insofar as such judgment was "a determination of the personal liability of the debtor with respect to any debt discharged under section 727..." [4]

22. Mr. Enbar's discharge invoked an injunction prohibiting Defendants from "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor..." [5]

## THE LEGUM COMPLAINT

23. On January 10, 2017, creditor Steven G. Legum ("Legum"), Mr. Enbar's former attorney, filed a nine-count (9), thirty-eight (38) paragraph Complaint[6] ("Legum Complaint"), seeking denial of discharge. [ECF 81].

24. The allegations of the Legum Complaint and the amended complaint are incorporated herein by reference.

25. After trial on December 6, 2017, the Legum Amended Complaint was dismissed. [LECF 93].

---

[4] 11 U.S.C. § 524(a)(1).

[5] 11 U.S.C. § 524(a)(2).

[6] Adv. No.: 17-01010-AJC. Court papers in Legum's adversary proceedings will be referred to as [LECF x].

## GOODSTEIN COMPLAINT

26. Defendants filed a Complaint[7] ("Goodstein Complaint") seeking exception from discharge and objecting to discharge on January 13, 2017. [ECF 87, GECF 1].

27. The allegations of the Goodstein Complaint are incorporated herein by reference.

28. According to the allegations of the Goodstein Complaint, paragraph twelve (12), the following judgments were entered against Mr. Enbar prior to August 16, 2016[8]:

   a. Steven G. Legum, entered on February 17, 2015, in the amount of $20,216;

   b. Grand Palm, N.Y., entered on May 21, 2014, in the amount of $402,051;

   c. City National Bank, entered on February 14, 2014, in the amount of $2,574,494;

   d. EAMA Capital, entered on January 13, 2013, in the amount of $ 633,834;

   e. Fred Goodstein, entered on January 5, 2013, in the amount of $169,500;

   f. Steven G. Legum, entered on December 11, 2012, in the amount of $14,291;

   g. Richard A. Legum, entered on June 13, 2011, in the amount of $300,000;

---

[7] Adv. No.: 17-01018-AJC. Court papers in Goodsteins' adversary proceedings will be referred to as [GECF x].

[8] GECF 1, Exhibit A to the Goodstein Complaint lists the pre-bankruptcy judgments. It is also attached as Exhibit A to the Complaint herein.

-8-

    h.    Marcus and Millichap, entered on June 12, 2012, in the amount of $123,716;

    i.    City National Bank, entered on April 13, 2011, in the amount of $2,757,123; and

    j.    Michael H. Markovitz, entered on December 30, 2009, in the amount of $11,161.

29. Counts VIII, IX, X, XI, and XII of the Goodstein Complaint were dismissed by Order entered on March 6, 2018. [GECF 62].

30. Judgment was entered for Mr. Enbar on Count VII, assuring the issuance of his general discharge, and Counts I, II, III, and IV of the Goodstein Complaint were dismissed by Judgment/Order entered on May 8, 2018. [GECF 75].

31. As of this date, the only remaining Counts of the Goodstein Complaint are Counts V and VI, seeking exception from discharge.

32. As of this date, the Defendants do not hold a debt excepted from discharge.

## THE SETTLEMENT

33. On August 7, 2017, the Trustee filed his Motion to Approve Stipulation to Compromise Controversy ("Motion to Compromise") [ECF 150], in which the Trustee stated as follows.

> 7. The Trustee has investigated, among other things, the propriety of the Debtor's claimed exemptions, the Debtor's

financial condition, and the Debtor's business transactions.

8. The Trustee has found no evidence that the Debtor has transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition.

9. The Trustee has not found evidence that the Debtor has in or in connection with the case made a false oath or account.

10. The Trustee has not found evidence that the Debtor has withheld from the Trustee any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11. The Debtor has not failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities.

12. The Trustee has: investigated transactions related to- 210 17 4 St., # 1716 Sunny Isles Beach, FL 33160, 345 Broadway Lawrence, NY 11559, and 19355 Turnberry Way #26A Aventura, FL 33180; investigated any transactions regarding the following trusts, which may or may not exist- Lawrence Enbar Trust, Linda Enbar Asset Trust, Adam Enbar Trust, Melissa Benzel Trust; evaluated the Debtor's listed Household Goods and Furnishings, Electronics, Jewelry, Magnum Real Estate Services, Inc.; investigated the following entities- Magnum Realty Holdings LLC, Lawrence Moving and Storage, Inc., and 164 West 146 Street LLC, Enbar Investments LLC; and generally investigated the Debtor's financial condition and business transactions.

34. In his Motion to Compromise, the Trustee sought approval to accept a payment of $15,000 to confirm, *inter alia*, that "the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law...."

35. The Settling Parties referred to in the Motion to Compromise are: Moshe Enbar, Linda Enbar, Adam Enbar, and Melissa Benzel, the very same Plaintiffs herein,

also referred to as the Settling Parties herein and in the Stipulation to Compromise, a copy of which is attached to the Motion to Compromise, and is attached as Exhibit A to the Certification of Linda Enbar in Support of Motion for Summary Judgment Related to the Complaint for Declaratory Judgment, Injunctive Relief, and Damages, filed contemporaneously herewith.

36. On September 19, 2017, the Court heard the Trustee's Motion to Approve Stipulation to Compromise Controversy [ECF 150], and approved the Motion and Stipulation by its Order Granting Trustee's Motion to Approve Stipulation to Compromise Controversy of September 20, 2017, entered on the docket on September 21, 2017 ("Order Approving Stipulation").  [ECF 173].

37. During the hearing on the Trustee's Motion to Approve Stipulation to Compromise Controversy, the following colloquy occurred between this Court and Robert Angueira, Trustee,

> THE COURT: All right. The Court is familiar with the -- with the compromise. And it would appear appropriate to approve it, with the understanding that this is an agreement between the trustee and the debtor, and would have no affect on other parties, creditors, or interested parties in regard to Mr. Enbar. Does that create any problem for you?
> MR. ANGUEIRA: No. I would like to say something that's obvious is, no one has objected to the motion to approve the settlement. There hasn't been a pleading filed in court. There hasn't been an email. There hasn't been a phone call. No one has objected to the motion to approve the stipulation.
> Now, the trustee would be bound by the terms of the

stipulation as far as the debtor, related parties, interested parties, but this stipulation is not intended to in any way deal with the 727 Adversary Case No. 17-1010, or the 523 matter, Adversary Case No. 17-1018.

Transcript of 09/19/2017, page 3, lines 5 through 24.[9]

38. The Order Approving Stipulation included the following provisions-

    a. "4. Upon payment of the sum of $15,000: a. the Settling Parties shall be released of any and all causes of action vested in the estate by operation of State or federal law..."

    b. "10. The Stipulation shall be binding only upon and inure to the benefit of the Parties hereto and their respective successors and assigns. However, the Stipulation shall not be binding on any creditors, or otherwise affect the rights of any creditors, of the Estate."

    c. "18. The Bankruptcy Court shall retain sole and exclusive personal and subject matter jurisdiction over the Parties and the subject matter, interpretation, effectuation, and enforcement of the terms of the Stipulation.

39. As of September 21, 2017:

    a. The Goodstein Complaint was pending;

    b. The Legum Complaint was pending; and

---

[9] Your undersigned has been informed by the court reporter that the transcript of the hearing on September 21, 2017 will be filed forthwith.

    c.    Creditor EAMA Capital, LLC had an extension of time to file a complaint seeking exception from discharge, or objecting to discharge, through October 28, 2017. [ECF 161]. EAMA Capital, LLC subsequently obtained extensions of time to file a complaint seeking exception from discharge, or objecting to discharge, through April 30, 2018. [ECF 186, 203, 219].

40. The Order Approving Stipulation became final and non-appealable on October 6, 2017.

41. By a Report filed on November 9, 2017, the Trustee acknowledged receipt of the sum of $15,000 in full satisfaction of the obligations of the Settling Parties under the approved stipulation. [ECF194].

## THE NEW YORK LITIGATION

42. Pre-petition, on August 4, 2016, the Defendants filed suit in The Supreme Court of the State of New York, New York County ("NY Court") seeking to recover alleged fraudulent transfers rooted in transfers allegedly made by the Debtor to his wife, Linda Enbar, his son, Adam Enbar, and to the entities Magnum Realty Holding, LLC and Magnum Real Estate Services, LLC.

43. Post-discharge of Mr. Enbar, in the NY Court, the Defendants recently added Mr. Enbar's daughter, Melissa Benzel, as a defendant under a theory of fraudulent conveyance. All of the alleged transfers which are the bases for the Defendants'

fraudulent conveyance avoidance actions occurred before August 16, 2016. See Decision + Order on Motion, attached to the Complaint as Exhibit D.

44. The Order Approving Stipulation "released [the Settling Parties] of any and all causes of action vested in the estate by operation of State or federal law", including any pre-petition rights of Defendants to pursue collection of their claim.

45. Upon finality of the Order Approving Stipulation, on October 6, 2017, the Settling Parties were released of any and all causes of action vested in the estate by operation of State or federal law, including, but not limited to, New York Debtor and Creditor Law, §§ 276, *et seq.*

46. Defendants' currently hold a discharged claim and a voided judgment against Mr. Enbar, yet persist in continuing to pursue collection of their claim by suing Linda Enbar, Adam Enbar, and Melissa Benzel in violation of the release in the Order Approving Stipulation and the discharge injunction of 11 U.S.C. § 524(a)(2).

## SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, incorporated herein pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper if the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts that the moving party is entitled to judgment as a matter of law.

*In re SOL, LLC*, No. 09-12684-BKC-AJC, 2012 WL 2673254, at *6 (Bankr. S.D. Fla. July 5, 2012).

WHEREFORE, as to Count I of the Complaint, the Settling Parties respectfully request the Court enter a Judgment determining that:

1. This Court has retained exclusive jurisdiction to interpret, effectuate, and enforce the terms of the Stipulation;

2. The portion of the Order Approving Stipulation which provided, "the Stipulation shall not be binding on any creditors, or otherwise affect the rights of any creditors, of the Estate" was solely intended to avoid any issue-preclusive impact upon the pending Legum Complaint, the pending Goodstein Complaint, as well as any potential complaint which might have been pursued by EAMA Capital, LLC.;

3. Defendants' judgments against Mr. Enbar are void;

4. Defendants' continued attempt to collect on their claim against Mr. Enbar violates the discharge injunction of 11 U.S.C. § 524(a)(2); and

5. The Plaintiffs, Settling Parties, were released of any and all causes of action vested in the estate by operation of State or federal law, including, but not limited to, New York Debtor and Creditor Law, §§ 276, *et seq*. upon finality of the Order Approving Stipulation, on October 6, 2017.

WHEREFORE, as to Count II of the Complaint, the Settling Parties respectfully request the Court enter a permanent injunction prohibiting Defendants from continuing to attempt to collect on their claim against Mr. Enbar, including, but not limited to, the

pursuit of the Settling Parties pursuant to New York Debtor and Creditor Law, §§ 276, *et seq.*, or any other State or federal law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, the Certification of Linda Enbar, and Local Form LF-101, Notice Regarding Opposing Motions for Summary Judgment were served on January 30, 2020 via U.S. Mail, first class postage prepaid, on: Fred I Goodstein, 7730 Glendevon Ln, Delray Beach, FL 33446 2807; and Michele Goodstein, 7730 Glendevon Ln, Delray Beach, FL 33446 2807.

Respectfully submitted,

**FLORIDA BANKRUPTCY GROUP, LLC**
Attorneys for Settling Parties
4121 N. 31st Avenue
Hollywood, FL 33021-2011
T: 954-966-6544/F: 954-252-2540

By: *s/ Kevin C Gleason*
Fla Bar No 369500
BankruptcyLawyer@aol.com (Direct Email)
KGPAECMF@gmail.com (Service Email)