

**ORDERED in the Southern District of Florida on May 26, 2020.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

MOSHE ENBAR,                                            Case No. 16-21262-BKC-AJC
                                                        Chapter 7
    Debtor.
_____/
MOSHE ENBAR, LINDA ENBAR,
ADAM ENBAR, and MELISSA BENZEL,

    Plaintiffs,

vs.                                                     Adv. No. 20-1028-BKC-AJC-A

FRED GOODSTEIN and
MICHELE GOODSTEIN,

    Defendants.
_____/

**<u>ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS</u>**

    THIS CAUSE came before the Court for hearing upon Plaintiffs' Motion for Preliminary Injunction (ECF 4) and Motion for Partial Summary Judgment on Complaint for Declaratory

Judgment, Injunctive Relief, and Damages (ECF 7). The Complaint commencing this adversary case seeks to have this Court enjoin a state court action brought by Defendants against the non-debtor Plaintiffs herein. Defendants Fred and Michele Goodstein are suing the non-debtor Plaintiffs in the Supreme Court of the State of New York, New York County, in a case titled *Fred Goodstein and Michele Goodstein v. Adam Enbar, Linda Enbar, Magnum Realty Holdings LLC and Magnum Real Estate Services, Inc.*, Index No. 654114/2016 ("New York Action"). The Complaint alleges various causes of action against the Plaintiffs.[1]

Plaintiffs assert that Defendants are pursuing a fraudulent transfer action that only the bankruptcy trustee has the exclusive right to pursue; and, because the bankruptcy trustee settled all claims that the estate potentially had against the Plaintiffs, the claims in the state court action are barred. The Debtor contends the New York Action is an attempt to collect a discharged debt, notwithstanding the fact the Debtor is not a named party in the New York Action. Plaintiffs initially sought dismissal of the case against them in the New York Action, similarly alleging the fraudulent transfer claims were settled by the trustee in Debtor's bankruptcy case. However, the state court disagreed.

Thereafter, Plaintiffs filed the Complaint in this case and promptly moved for an injunction and for summary judgment. The Complaint seeks a declaratory judgment (Count I) (i) determining only this Court has the exclusive jurisdiction to interpret and enforce the settlements in this case, and that the settlement between the Trustee, the Debtor and the non-debtor Plaintiffs bars the New York Action as it released the Plaintiffs from all causes of action "vested in the estate", and (ii) declaring

---

[1] The Debtor is not a named party to the state court action. The Debtor is joined as a Plaintiff in this action to assert that the New York Action against the non-debtor Plaintiffs is an act to collect a discharged debt against him in violation of the discharge injunction.

Defendants' judgment(s) against the Debtor to be void. The Complaint further seeks injunctive relief (Count II) prohibiting Defendants from prosecuting the New York Action because it is an attempt to collect on their claim against Debtor in violation of the discharge injunction. Count III of the Complaint seeks damages.

Defendants responded to the motions and have requested sanctions against the Plaintiffs. Defendants contend the settlement had no affect on their claims against the non-debtor third-party Plaintiffs and that was made abundantly clear during the hearing to approve the settlement and in the unambiguous language of the Order approving the settlement. Defendants also assert Plaintiffs are requesting the same relief that the New York court already denied and therefore the relief sought in this Complaint is barred by the doctrine of *res judicata*. The Defendants seek sanctions against the Plaintiffs alleging their claims are frivolous and without legal foundation.

## BACKGROUND FACTS

In December 2008, the Plaintiffs loaned $150,000 to 2457 $8_{th}$ LLC ("LLC") in exchange for 5% interest in the LLC. The promissory note memorializing the loan was executed on December 10, 2008 and was signed for the LLC by Maurice Enbar (Debtor Moshe Enbar) and Steven Kamhi, who were each identified as managing members of the LLC. Steven Kamhi personally guaranteed the loan to the Plaintiffs.

The promissory note structured repayment of the Plaintiffs's loan in eighteen payments of seventeen interest only monthly installments of $1,500 and a balloon payment of $166,500 (representing the amount of principal and interest remaining on the Plaintiffs' loan). The promissory note also provided that, in the case of default, interest would accrue at the lower of 24% per annum or the highest rate allowable by law.

The record indicates that on December 12, 2008, Defendant opened an account in the name

of the LLC and deposited the $150,000. On December 12, 2008, the LLC transferred the sum of $145,000 to Flatiron Equities, LLC. On December 22, 2008, Flatiron Equities, LLC transferred the sum of $135,000 to 23-123rd Street, LLC, which transferred the same sum into the personal account of the Defendant and his non-debtor spouse. Some time between December 23-24, 2008, $135,000 was transferred out of the Debtor's joint personal account into the account of Magnum Real Estate Services, Inc., a company owned and operated by Defendant.

The LLC made the first fifteen payments, then defaulted by failing to make the last two interest-only payments and the balloon payment.

The Plaintiffs thereafter brought two actions in New York to recover on their loan, one against Kamhi and the LLC, and the other against the Debtor, Flatiron Equities, LLC and Magnum Real Estate Services, Inc. In both actions, the Plaintiffs obtained default judgments against all the defendants for the amount outstanding under the promissory note, as well as interest. In the Debtor's case, the state court found that Debtor and his co-defendants owed the Plaintiffs $212,637.75.

On August 16, 2016, Debtor filed a voluntary petition under Chapter 7 of the Code, and a Chapter 7 Trustee was appointed.

After an investigation of the financial condition and business transactions of the Debtor and various related entities, and to avoid the costs and uncertainty of litigation, the trustee entered into a settlement with the Plaintiffs. In the Motion and Stipulation to Compromise Controversy ("Stipulation") memorializing the agreement, the Plaintiffs agreed to pay the trustee $15,000.00 in exchange for the trustee's release of "any and all causes of action vested in the estate by operation of State or Federal law" and the waiver of any objections to "Debtor's exemptions, the value of non-exempt property, and the Debtor's discharge."

At the hearing on the motion to approve the Stipulation, held September 19, 2017, the Court

granted the motion, specifically stating that the Stipulation was a settlement between the Trustee and the Debtor, and that it would have no affect on the rights of other creditors. The Court instructed that the Order granting the motion contain language stating the Order would have no affect on anyone other than the Trustee, the Debtor and the other settling parties. The Order entered by the Court expressly states in paragraph 10 thereof, "The Stipulation shall be binding only upon and inure to the benefit of the Parties hereto and their respective successors and assigns. However, the Stipulation shall not be binding on any creditors, or otherwise affect the rights of any creditors, of the Estate." If the Debtor had any uncertainty about the foregoing language and the Court's comments at the hearing, he did not raise them.

## CONCLUSIONS

The Court has reviewed the record in this case, including the Stipulation and the transcript of the hearing to approve same, and has considered the parties' post-hearing submissions. Based on the foregoing, the Court concludes the New York Action is not barred by the Stipulation or Order approving same, thus, summary judgment is entered in favor of Defendants and against Plaintiffs on all Counts of the Complaint. The Court was clear in its statements and its Order approving the Stipulation – the Stipulation had no affect on the rights of any creditors, which includes the Goodsteins. The New York state court appropriately determined the exact same from the unambiguous language in this Court's Order.

At the hearing held September 19, 2017 on the motion to approve the Stipulation, it was expressly stated on the record that the terms of the Stipulation, entered into by and between the Trustee and the Debtor, Linda Enbar, Adam Enbar and Melissa Benzel, would have no affect on creditors or other interested parties. Although Plaintiffs' summary judgment motion asserts that the non-binding language in the Order "was solely intended to avoid any issue-preclusive impact upon

the pending Legum Complaint, the pending Goodstein Complaint, as well as any potential complaint which might have been pursued by EAMA Capital, LLC", the Court finds absolutely nothing in the record, either from the Stipulation, the hearing to approve the Stipulation or the Order approving the Stipulation, to support that position.  The position that Plaintiffs take now was never before raised. If that was the intention of the Stipulation, it was not expressed in any way or made apparent to this Court at any time throughout these proceedings.  The Court will not find hidden meaning in its straight-forward unambiguous Order resulting from a hearing where all parties were present and could have made their positions known, but did not.

More importantly, the Stipulation does not, and cannot, extinguish the Defendants' claims against non-debtor Plaintiffs for the alleged fraudulent transfer of funds from the LLC. The LLC was not a party to the bankruptcy proceeding, and the Court had no authority to release the Goodsteins' or the LLC's claims against the non-debtor Plaintiffs concerning the transfer of funds from the LLC to them.  The trustee's authority extended only to property of the Debtor's estate, not property belonging to the LLC or the Goodsteins. *See, In re Flagship Healthcare, Inc.,* 269 B.R. 721, 727 (Bankr. S.D.Fla. 2001).

This Court recently determined that the debt owed the Goodsteins by Debtor pursuant to that certain default judgment entered in New York state court is discharged based in part on the fact the non-dischargeability claim for embezzlement belonged to the LLC.  If the Debtor misappropriated funds from the LLC and then transferred the misappropriated funds to the non-debtor Plaintiffs, then the Goodsteins, who are members of the LLC, may seek to recover the funds from the transferees. The allegedly misappropriated funds would not be recoverable by the trustee in Debtor's bankruptcy case because funds that have been misappropriated by the Debtor are not property of the estate because the funds were not legally or rightfully the Debtor's property in the first place. *Id*. (citing

*Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 428 (1972)) ("[T]here is no statutory authority for a trustee 'to assume the responsibility of suing third parties on behalf of [creditors],' or that a trustee may 'collect money not owed to the estate.'"). Therefore, the trustee would have no right to pursue these transfers or settle claims regarding these transfers as these transfers were not estate property but rather property of the aggrieved party. Contrary to Plaintiffs' counsel's insistence, the New York Action does not pursue "550 claims" of the estate because the fraudulent transfer claims the Goodsteins are pursuing [against non-debtor third parties in the New York Action] were not fraudulent transfer claims that were ever property of the Debtor's bankruptcy estate. A claim under section 550 of the Bankruptcy Code presumes the recovery of property of the estate; however, if funds were misappropriated by the Debtor and did not rightfully belong to the Debtor, legally or equitably, then they are not and were never property of the estate and the Trustee would have no standing to pursue recovery of that property.

If the Goodsteins cannot prove the funds the Debtor transferred from the LLC were misappropriated, then their claims against the transferees may well fail. However, that is an issue for determination in the New York Action. Nevertheless, the Stipulation does not foreclose the Goodstein's fraudulent transfer claims to recover the funds they loaned to the LLC, which Debtor allegedly fraudulently transferred to the non-debtor Plaintiffs. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Preliminary Injunction (ECF 4) is DENIED; it is further

ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment on Complaint for Declaratory Judgment, Injunctive Relief, and Damages (ECF 7) is GRANTED; and, a final summary judgment is entered in favor of the Defendants and against Plaintiffs on all Counts of the Complaint, as follows:

1. The Stipulation and Order approving same did not release the Goodsteins' claims against the non-debtor Plaintiffs and do not foreclose the Goodsteins' actions to recover the funds they loaned to the LLC from the non-debtor Plaintiffs in the New York Action.

2. Because the Goodsteins' claims against the non-debtor Plaintiffs seek to recover fraudulently transferred property that was not Debtor's property or property of the estate to begin with, Defendants are not attempting to collect on their discharged claim against the Debtor in violation of the discharge injunction. It is further

ORDERED AND ADJUDGED that Defendants' request for sanctions is DENIED, and the Clerk of Court is directed to close this case.

###

Copies furnished to:

Kevin Gleason, Esq.
Joshua Mallin, Esq.
Jeffrey Berlowitz, Esq.